COURT OF APPEALS
DECISION
DATED AND FILED

October 20, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1422**

Cir. Ct. No. **2019SC7101**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

MICHAEL CHAMBERS,

PLAINTIFF-APPELLANT,

V.

HOUSING AUTHORITY OF THE CITY OF MILWAUKEE,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: LAURA GRAMLING PEREZ, Judge. *Affirmed*.

¶1 BRASH, P.J.[1] Michael Chambers, *pro se*, appeals an order of the trial court dismissing his small claims action against the Housing Authority of the City of Milwaukee (HACM). Chambers did not provide transcripts of the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

hearings on this matter; as a result, the record does not contain the findings of the trial court, and the reasons behind those findings, that lead to the dismissal of Chambers' complaint.

¶2 However, based on the record that is before us, we affirm.

## BACKGROUND

¶3 Chambers filed his complaint in March 2019. He alleged that in July 2018, there was a power outage during the night in the building in which he resides, which awakened him because he uses a CPAP machine while sleeping. He sought damages in the amount of $5000.

¶4 In his complaint, Chambers named HACM as a defendant, "[i]n [care of] Assistant City Attorney Julie Wilson." Chambers hired a process server to serve the complaint. Service was attempted on Attorney Wilson at the office of the Milwaukee City Attorney on North Broadway Street in Milwaukee on March 11, 2019. Attorney Wilson told the process server that she was unable to accept service on behalf of HACM. Instead, she directed the process server to Conyunn West, who was authorized to accept service for HACM, and provided the server with the correct address.

¶5 Chambers subsequently filed an affidavit of corporate service, which stated that the process server had served West on April 9, 2019. At the hearing held on this matter on April 29, 2019, Chambers appeared, but no one representing

HACM appeared.[2]  A default judgment was entered in favor of Chambers in the amount of $5118, representing the money damages sought plus costs.  The judgment was against both HACM and Attorney Wilson.

¶6      After receiving notice of the judgment, HACM filed a motion for relief from that judgment on May 16, 2019.  It asserted that Attorney Wilson was not a defendant in the case.  It further contended that HACM had never been served with the complaint, and included an affidavit from West averring to that.  Additionally, HACM argued that the complaint did not state a claim for which relief could be granted, and sought its dismissal.

¶7      A hearing was held on that motion for relief from judgment on June 11, 2019.  No transcript of the hearing was included in the record; however, according to the CCAP entry for the hearing, the trial court found "excusable neglect or good cause for reopening [the] case" and dismissed Attorney Wilson as a defendant.  Further proceedings were scheduled for July 2, 2019.

¶8      There is no transcript included in the record for the July 2, 2019 hearing, either.  Again, according to CCAP, West testified—presumably in accordance with her affidavit.  The CCAP entry also states that Chambers was "unable to locate the process server in question."  The trial court ultimately vacated the judgment and the case was dismissed without prejudice.  There was no corresponding written order relating to that decision entered into the record.

---

[2] Some of the factual information in this opinion was obtained from the CCAP record for the small claims action.  CCAP is an acronym for Wisconsin's Consolidated Court Automation Programs, and the online website reflects information entered by court staff.  We thus are able to take judicial notice of that information.  *See* WIS. STAT. § 902.01(2)(b); *see also* **Kirk v. Credit Acceptance Corp.**, 2013 WI App 32, ¶5, n.1, 346 Wis. 2d 635, 829 N.W.2d 522.

¶9    Chambers filed a notice of appeal on August 1, 2019. Chambers did not order a transcript of the July 2 hearing; instead, he filed a Statement on Transcript indicating that a transcript of the proceedings was not necessary to prosecute this appeal. However, HACM filed a motion with the trial court to compel Chambers to obtain the transcript, citing Chambers' noncompliance with WIS. STAT. RULE 809.11(4)(a), which requires an appellant to obtain the transcript and provide copies to all parties.

¶10    CCAP indicates that a hearing on HACM's motion was held on September 27, 2019, and that it was granted by the trial court. An order compelling Chambers to obtain the transcript was subsequently filed by the trial court on October 7, 2019, but he did not comply.

**DISCUSSION**

¶11    According to his notice of appeal, Chambers is appealing the dismissal of his action. However, we do not know the grounds upon which Chambers' complaint was dismissed—there is no transcript in the record from the hearing in which that decision was made by the trial court, and the record that is before us does not contain sufficient information for us to determine what the grounds may have been. In fact, this incomplete record means that we cannot ascertain the standard of review to employ; that is, we have no way of knowing whether it would be appropriate to independently review the sufficiency of the complaint, as is the case for a ruling that the complaint failed to state a claim for which relief can be granted, *see Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693, or review a factual finding that service was not properly achieved under the clearly erroneous standard, *see State v. Benton*, 2001 WI App 81, ¶5, 243 Wis. 2d 54, 625 N.W.2d 923.

¶12    "An appellate court's review is confined to those parts of the record made available to it." *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633. (Ct. App. 1992). "It is the appellant's responsibility to provide a complete record as to all issues [he or she] raises on appeal." *Joseph Hirschberg Revocable Living Tr. v. City of Milwaukee*, 2014 WI App 91, ¶12 n.5, 356 Wis. 2d 730, 855 N.W.2d 699. Simply put, Chambers failed to provide this court with the means to review his appeal.

¶13    "In the absence of a complete record, we presume the missing record supports the [trial] court's decision." *Id.* In other words, we presume that there were proper grounds by which the trial court dismissed Chambers' complaint.[3] We therefore affirm.

> *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] With regard to the initial default judgment entered in this matter, we note that we find nothing in the record before us that demonstrates that Chambers had established that he was entitled to $5000 in damages for his claim, in accordance with WIS. STAT. § 799.22(2) ("If the defendant fails to appear on the return date or on the date set for trial, the court may enter a judgment *upon due proof of facts which show the plaintiff entitled thereto*." (emphasis added)). Moreover, we have no way to assess the reasoning behind the trial court's dismissal of Chambers' complaint without prejudice, as the record before us does not include a transcript of the hearing where that decision was made.